# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SHIPPING AND TRANSIT, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSLOGISTICS, INC.<br><br>    Defendant. | Civil Action File No.: 1:16-cv-01282<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Shipping and Transit, LLC. ("Shipping and Transit") files this original Complaint against Defendant Translogistics, Inc. ("Defendant"), alleging, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code to enjoin infringement and obtain damages from Defendant's unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for the subsequent use or sale of products or methods that infringe one or more claims of U.S. Patent No. 6,415,207, entitled System and Method for Automatically Providing Vehicle Status Information (hereinafter "the '207 Patent"); U.S. Patent No. 6,904,359, entitled Notification Systems and Methods With User-Definable Notifications Based Upon Occurrence of Events (hereinafter "the '359 Patent"); U.S. Patent No. 6,763,299, entitled Notification Systems and Methods With

1

Notifications Based Upon Prior Stop Locations (hereinafter "the '299 Patent"); and U.S. Patent No. 7,400,970, entitled System and Method For An Advance Notification System for Monitoring and Reporting Proximity of a Vehicle (hereinafter "the '970 Patent").

## THE PARTIES

2. Shipping and Transit is a Florida limited liability company having its principal place of business at 711 Southwest 24th Avenue, Boynton Beach, Florida 33435.

3. Upon information and belief, Defendant is a company having its principal place of business at 321 N. Furnace Street, Birdsboro, Pennsylvania 19508.

4. Upon information and belief, Defendant may be served this Complaint via its registered agent, The Company Corporation, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808; or at its principal place of business at of 321 N. Furnace Street, Birdsboro, Pennsylvania 19508.

## JURISDICTION AND VENUE

5. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that, upon information and belief, Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, thus entitling Shipping and Transit to relief.

7. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to Defendant's substantial business in this State and judicial district, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## FACTS

8. Martin Kelly Jones is the inventor of the '207 Patent, the '359 Patent, the '299 Patent, and the '970 Patent. For more than thirty years Mr. Jones has continuously innovated in the field of advance notification and other related fields of technology, including, but not limited to, providing information within messages about the shipping, in-transit location and arrival of packages to homes, businesses, and intermediate stop and/or transfer locations. Mr. Jones has remained an owner and played active roles, through different groups of investors and corporations, over many years to implement his inventions.

9. Mr. Jones first conceived of what was the impetus of many of his inventions when he observed a young girl waiting at a school bus stop on a rainy, foggy Atlanta morning. Imagine the consternation of parents not knowing if the school bus was late, if the school bus was involved in an accident between the bus stop and the school. From that moment, Mr. Jones undertook to develop an advanced arrival notification system that would, in addition to a myriad of other applications, notify homes with school children when their bus was starting its route, when delays occurred, and when their bus was close to their stop, thus minimizing wait time at bus stops, enhancing children's safety and helping to put parents at ease.

10. Shipping and Transit is a product development company. Shipping and Transit currently has one product, "my-ASN" in the market place, and two others currently in development. The "my-ASN" has received positive feedback from consumers who have had the

opportunity to use it, because it saves them time, organizes purchases in one place, and allows them to closely monitor the status of their shipment.

11. The Shipping and Transit patents are directed to different technologies within arrival and status messaging systems and methods for the transportation, transportation logistics, cargo shipment, package delivery, package tracking, warehousing, logistics, mail, airline, ocean vessels, and related industries.

12. Shipping and Transit is the owner of the '207 Patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '207 Patent is attached as Exhibit A hereto.

13. Shipping and Transit is the owner of the '359 Patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '359 Patent is attached as Exhibit B hereto.

14. Shipping and Transit is the owner of the '299 Patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the the '299 Patent is attached as Exhibit C hereto.

15. Shipping and Transit is the owner of the '970 Patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the the'970 Patent is attached as Exhibit D hereto.

16. Upon information and belief, Defendant provides end-to-end logistics solutions and services from supplier to customer with visibility, control and insight into logistics operations. On information and belief, ViewPoint is a Transportation Management System ("TMS") that has been built to ensure accurate and timely updates of all shipments and provides such information to inform strategic decisions.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,415,207)

17. Shipping and Transit re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

18. Shipping and Transit is the owner of the U.S. Patent No. 6,415,207, which issued from the United States Patent and Trademark Office on July 2, 2002, including the right to exclude others and to enforce, sue, and record damages for past and future infringement.

19. The '207 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT OF '207 PATENT

20. Defendant has directly infringed and continues to directly infringe one or more claims of the '207 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 5, by among other things making, using, offering for sale and/or selling at least the infringing ViewPoint TMS product and other shipping, tracking, and notification technologies.

21. Defendant has had knowledge of the '207 patent for at least a period of time during the period whereby Defendant has infringed the '207 patent.

22. Defendant's unauthorized and infringing uses of Shipping and Transit's '207 Patent threaten the value of this intellectual property because Defendant's conduct results in loss of Shipping and Transit's lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented invention.

23. The acts of infringement of the '207 patent by Defendant have caused damage to Shipping and Transit, and Shipping and Transit is entitled to recover from Defendant the damages sustained by Shipping and Transit as a result of Defendant's wrongful acts, including but not limited to, lost profits and/or reasonable royalties.

24. The infringement of Shipping and Transit's exclusive rights under the '207 patent by Defendant will continue to damage Shipping and Transit unless enjoined by this Court.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,904,359)

25. Shipping and Transit re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

26. Shipping and Transit is the owner of the U.S. Patent No. 6,904,359, which issued from the United States Patent and Trademark Office on June 7, 2005, including the right to exclude others and to enforce, sue, and record damages for past and future infringement.

27. The '359 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT OF '359 PATENT

28. Defendant has directly infringed and continues to directly infringe one or more claims of the '359 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 41, by and among other things, making, using, offering for sale, and/or

selling the infringing ViewPoint TMS product and other shipping, tracking, and notification technologies.

29. Defendant has had knowledge of the '359 Patent for at least a period of time during the period whereby Defendant has infringed the '359 patent.

30. Defendant's unauthorized and infringing uses of Shipping and Transit's '359 Patent threaten the value of this intellectual property because Defendant's conduct results in loss of Shipping and Transit's lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented invention.

31. The acts of infringement of the '359 Patent by Defendant have caused damage to Shipping and Transit, and Shipping and Transit is entitled to recover from Defendant the damages sustained by Shipping and Transit as a result of Defendant's wrongful acts, including but not limited to, lost profits and/or reasonable royalties.

32. The infringement of Shipping and Transit's exclusive rights under the '359 patent by Defendant will continue to damage Shipping and Transit unless enjoined by this Court.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 6,763,299)

33. Shipping and Transit re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Shipping and Transit is the owner of the U.S. Patent No. 6,763,299 which issued from the United States Patent and Trademark Office on July 13, 2004, including the right to exclude others and to enforce, sue, and record damages for past and future infringement.

35. The '299 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT OF '299 PATENT**

36. Defendant has directly infringed and continues to directly infringe one or more claims of the '299 Patent in this judicial district and elsewhere in Texas and the United States, including at least claim 79, by and among other things making, using, offering for sale, and/or selling the infringing ViewPoint TMS product and other shipping, tracking, and notification technologies.

37. Defendant has had knowledge of the '299 Patent for at least a period of time during the period whereby Defendant has infringed the '299 Patent.

38. Defendant's unauthorized and infringing uses of Shipping and Transit's '299 Patent threaten the value of this intellectual property because Defendant's conduct results in loss of Shipping and Transit's lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented invention.

39. The acts of infringement of the '299 Patent by Defendant have caused damage to Shipping and Transit, and Shipping and Transit is entitled to recover from Defendant the damages sustained by Shipping and Transit as a result of Defendant's wrongful acts, including but not limited to, lost profits and/or reasonable royalties.

40. The infringement of Shipping and Transit's exclusive rights under the '299 patent by Defendant will continue to damage Shipping and Transit unless enjoined by this Court.

**COUNT IV**

**(INFRINGEMENT OF U.S. PATENT NO. 7,400,970)**

41. Shipping and Transit re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

42. Shipping and Transit is the owner of the U.S. Patent No. 7,400,970 which issued from the United States Patent and Trademark Office on July 15, 2008, including the right to exclude others and to enforce, sue, and record damages for past and future infringement.

43. The '970 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT OF '970 PATENT

44. Defendant has directly infringed and continues to directly infringe one or more claims of the '970 Patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by and among other things making, using, offering for sale, and/or selling the infringing ViewPoint TMS product and other shipping, tracking, and notification technologies.

45. Defendant has had knowledge of the '970 Patent for at least a period of time during the period whereby Defendant has infringed the '970 Patent.

46. Defendant's unauthorized and infringing uses of Shipping and Transit's '970 Patent threaten the value of this intellectual property because Defendant's conduct results in loss of Shipping and Transit's lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented invention.

47. The acts of infringement of the '970 Patent by Defendant have caused damage to Shipping and Transit, and Shipping and Transit is entitled to recover from Defendant the damages sustained by Shipping and Transit as a result of Defendant's wrongful acts, including but not limited to, lost profits and/or reasonable royalties.

48. The infringement of Shipping and Transit's exclusive rights under the '970 patent by Defendant will continue to damage Shipping and Transit unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shipping and Transit prays that the Court enter judgment in its favor and against Defendant, granting the following relief:

A.      That the Court enter judgment that one or more claims of the '207 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

B.      That the Court enter judgment that one or more claims of the '359 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

C.      That the Court enter judgment that one or more claims of the '299 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

D.      That the Court enter judgment that one or more claims of the '970 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

E.      That Defendant be ordered to pay damages adequate to compensate Shipping and Transit for its acts of infringement, pursuant to 35 U.S.C. § 284;

F.      That Shipping and Transit be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '207, '359, '299 and '970 Patents;

G.      That the Court find that this case is exceptional and award Shipping and Transit its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

H.      That Defendant be ordered to pay prejudgment and post-judgment interest;

I.      That Defendant be ordered to pay all costs associated with this action; and

J.      That Shipping and Transit be granted such other and additional relief as the Court deems just, equitable, and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Shipping and Transit demands a trial by jury of all issues triable of right by a jury.

This 7th day of December, 2016.

                                        **OhanianIP**

                                        /s/Artoush Ohanian
                                        Henry Artoush Ohanian
                                        State Bar No. 2401326
                                        OhanianIP
                                        400 West 15th Street, Ste. 1450
                                        Austin, Texas 78701
                                        (512) 791-7963
                                        (512) 270-4845 (FAX)
                                        artoush@ohanian-iplaw.com